IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 12-0175-WS-N |
| PETER HOWARD, *et al.*, ) ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Status Report (doc. 72) filed by plaintiff's counsel on March 15, 2013.

On March 8, 2013, the undersigned entered an Order (doc. 71) that, *inter alia*, found that plaintiff, Branch Banking and Trust Company, was entitled to a judgment against defendants, Peter J. Howard and Churchill, LLC, in the amount of $2,078,962.52, plus additional prejudgment interest accruing at the rate of $330.85 per diem, from March 9, 2013 through the entry of final judgment.  The March 8 Order noted that BB&T is claiming (and has demonstrated) a contractual right to recover attorney's fees and other collection costs incurred in enforcing the underlying loan and guaranty documents against Howard and Churchill.  As to the amount of fees to be awarded, the March 8 Order directed as follows: "the parties are **ordered** to discuss the matter in good faith, and to file a joint status report reflecting the status and results of such negotiations on or before March 15, 2013."  (Doc. 71, at 14.)

The Status Report filed on March 15, 2013 was not a joint document, but was instead filed solely by plaintiff's counsel.  To explain this noncompliance with the March 8 Order, plaintiff's counsel writes that "BB&T, through counsel, has made numerous attempts through phone calls and emails to reach out to Defendants' counsel throughout the week" in conformity with that Order, but that "Defendants' counsel has failed to respond to these attempts."  (Doc. 72, at 1.)  In the Status Report, BB&T further notifies the Court that, in the interests of efficiency

and containment of litigation expenses, as well as that of moving forward to enforce the judgment, BB&T has decided not to pursue an award of attorney's fees in this matter.

In light of the information set forth in the Status Report, it is hereby **ordered** as follows:

1. Defendants' counsel is **ordered** to **show cause**, on or before **March 22, 2013**, for his failure to comply with the clear directive in the March 8 Order that he consult with plaintiff's counsel regarding the attorney's fee issue and submit a joint report concerning those discussions;[1]

2. Plaintiff having elected to forego filing a formal petition for attorney's fees, the final judgment will not include an award of contractual fees and other costs of collection incurred by plaintiff in this action;

3. There being no remaining merits issues to decide, the Court will enter a separate judgment contemporaneously herewith in favor of BB&T and against Howard and Churchill, jointly and severally, in the total amount of **$2,082,271.02** (inclusive of the unpaid principal, accrued interest, and late fees and other fees prescribed by contract); and

4. The Clerk's Office is directed to close this file for administrative and statistical purposes, provided, however, that the Court will retain jurisdiction over the show-cause issue on a post-judgment basis.

DONE and ORDERED this 18th day of March, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] During the course of this litigation, defense counsel twice requested (and received) an extension of time to file a response to a potentially dispositive motion, both times leading the Court to believe that he was indeed preparing a substantive response, but simply required more time to complete it. On both occasions, however, defense counsel filed no response whatsoever after being granted the requested extension, such that the only result of his motions for extension was to impede the prompt and timely resolution of this matter. Given this sequence of events in this very case, the Court will not turn a blind eye to counsel's apparent disregard of the March 8 Order.